52 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PRIDE TECHNOLOGIES INCORPORATED, Plaintiff-Appellant,
v.
SUN MICROSYSTEMS COMPUTER CORPORATION, Defendant-Appellee.
 No. 94-15474.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 15, 1995.
Decided April 12, 1995.
 
 Before: SNEED, HUG, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This is an appeal from an order of the district court denying a motion for a preliminary injunction. The underlying action in the district court arises from Sun Microsystems Computer Corporation ("Sun") giving notice to Pride Technologies Incorporated ("Pride") that it intended to terminate the Indirect Value Added Reseller Agreement ("Agreement") that had been executed by the parties. We have stated our standard of review for granting or denying a preliminary injunction, as follows:
 
 
 3
 To obtain a preliminary injunction, a party must demonstrate either 1) a combination of probable success on the merits and the possibility of irreparable injury, or 2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor. First Brands Corp. v. Fred Meyer, Inc., 809 F.2d 1378, 1381 (9th Cir.1987). The denial of a preliminary injunction is subject to only a limited review. Religious Technology Ctr., Church of Scientology Int'l, Inc. v. Scott, 869 F.2d 1306, 1309 (9th Cir.1989). We can reverse the denial only if we find that the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact. Id. Issues of law underlying the district court's decision on the preliminary injunction we review de novo. Senate of Cal. v. Mosbacher, 968 F.2d 974, 976 (9th Cir.1992).
 
 
 4
 Metro Pub. Ltd. v. San Jose Mercury News, 987 F.2d 637, 639-40 (9th Cir.1993). Pride contends that the district court applied the wrong standard in denying the preliminary injunction. In its order, the district court applied a standard it derived from an out-of-circuit opinion. The district court stated that in determining a party's right to a preliminary injunction it must consider the following factors it quoted from Intel Corp. v. ULSI Technology, Inc., 995 F.2d 1566, 1558 (Fed.Cir.1993):
 
 
 5
 (1) whether the movant has sufficiently established a reasonable likelihood of success on the merits; (2) whether the movant would suffer irreparable harm if the injunction were not granted; (3) whether the balance of hardships tips in the movant's favor; and (4) the impact, if any, of the injunction on the public interest.
 
 
 6
 This Federal Circuit standard is very similar to the Ninth Circuit expression of its standard, though it varies slightly. The major difference, as pointed out by Pride, is that "reasonable likelihood of success on the merits" varies from a part of our alternate test, "the existence of a serious question going to the merits." Although there may be a shade of difference between the two standards, we are convinced that this would not have affected the district court's decision.[1]
 
 
 7
 This conclusion is bolstered by the fact that the district court stated in its order, entered after the notice of appeal denying a stay pending appeal, that it had also "considered whether the plaintiff had met its burden of demonstrating that serious questions went to the merits and whether the balance of hardships tipped sharply in plaintiff's favor." We noted in Kern Oil and Refining Co. v. Tenneco Oil Co., 840 F.2d 730, 734 (9th Cir.), cert. denied, 488 U.S. 948 (1988) that the judge-made doctrine that filing of a notice of appeal usually divests the court of jurisdiction over the matters appealed "should not be employed to defeat its purposes, nor to induce needless paper shuffling." This would be such a needless paper shuffling to remand the matter to the district judge to consider the motion for a preliminary injunction under a standard that he has said he already applied.
 
 
 8
 We have evaluated the district judge's denial of the motion for a preliminary injunction and the record in the case in light of our limited scope of review, and we conclude that the district judge did not abuse his discretion in denying the preliminary injunction essentially for the reasons expressed in his order.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We held in National Wildlife Federation v. Coston, 773 F.2d 1513, 1516-17 (9th Cir.1985), that the plaintiffs' "reasonable showing that they will succeed on the merits" was sufficiently similar to the alternate test